# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

LEOPOLDO SANCHEZ
c/o 519 H Street NW
Washington, DC 20001

    Plaintiff,

v.

YU LIN CORPORATION
d/b/a 1 FISH 2 FISH
2423 Pennsylvania Avenue
Washington, DC 20037

XIBIAO B. ZOU
2015 Leonard Road
Falls Church, VA 22043

YU LIN
2015 Leonard Road
Falls Church, VA 22043

    Defendants.

Civil Action No. _____

## COMPLAINT

1.     While Plaintiff worked at Defendants' Pan-Asian restaurant, Defendants paid Plaintiff a daily salary that denied him minimum and overtime wages.

2.     Plaintiff brings this action against Yu Lin Corporation, Xibiao B. Zou, and Yu Lin ("Defendants") to recover damages for Defendants' willful failure to pay minimum and overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code, § 32-1001 *et seq.*; and the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.*

**Jurisdiction and Venue**

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b), because all Defendants reside in this district, or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

**Parties**

5. Plaintiff Leopoldo Sanchez is an adult resident of the District of Columbia.

6. Defendant Yu Lin Corporation is a District of Columbia corporate entity. It does business as 1 Fish 2 Fish. Its principal place of business is located at 2423 Pennsylvania Avenue, Washington, DC 20037. Its registered agent for service of process is Yulin, 2423 Pennsylvania Avenue, Washington, DC 20037.

7. Defendant Xibiao B. Zou is an adult resident of Virgina. He resides at 2015 Leonard Road, Falls Church, VA 22043. He is an owner and officer of Defendant Yu Lin Corporation. With Defendant Yu Lin, he exercises control over the operations of Yu Lin Corporation — including its pay practices.

8. Defendant Yu Lin is an adult resident of Virgina. She resides at 2015 Leonard Road, Falls Church, VA 22043. She is an owner and officer of Defendant Yu Lin Corporation. With Defendant Xibiao B. Zou, she exercises control over the operations of Yu Lin Corporation — including its pay practices.

9. Defendants Zou and Lin are husband and wife.

**Factual Allegations**

10. Defendants own and operate the restaurant 1 Fish 2 Fish, located at 2423 Pennsylvania Avenue, Washington, DC 20037.

11.     Plaintiff worked at 1 Fish 2 Fish from approximately November 3, 2020 through approximately July 1, 2021.

12.     Plaintiff worked at 1 Fish 2 Fish as a kitchen laborer.

13.     Plaintiff's job duties at 1 Fish 2 Fish primarily consisted of preparing and cooking food, washing dishes, and cleaning the kitchen, bathrooms, and outside steps to the restaurant.

14.     From approximately November 3, 2020 through approximately December 31, 2020, Plaintiff typically and customarily worked five days per week.

15.     From approximately November 3, 2020 through approximately December 31, 2020, Plaintiff typically and customarily worked Sunday through Thursday, from 4:00 p.m. to 9:30 p.m.

16.     From approximately November 3, 2020 through approximately December 31, 2020, Plaintiff typically and customarily worked approximately twenty-seven and a half hours per week.

17.     From approximately January 1, 2021 through approximately June 4, 2021, Plaintiff typically and customarily worked approximately six days per week.

18.     From approximately January 1, 2021 through approximately June 4, 2021, Plaintiff typically and customarily worked Monday through Friday, from 10:30 a.m. to 10:00 p.m — and on Sunday, from 12:30 p.m. to 10:00 p.m. Plaintiff typically and customarily had a one-hour break each day.

19.     From approximately January 1, 2021 through approximately June 4, 2021, Plaintiff typically and customarily worked approximately sixty-one hours per week.

20.     From approximately June 5, 2021 through approximately July 1, 2021, Plaintiff worked approximately five days per week.

21.     From approximately June 5, 2021 through approximately July 1, 2021, Plaintiff typically and customarily worked Monday through Friday, from approximately 10:00 a.m. to 3:30 p.m.

22. From approximately June 5, 2021 through approximately July 1, 2021, Plaintiff worked approximately twenty-five hours per week.

23. At all relevant times, Defendants paid Plaintiff a daily salary.

24. Defendants paid Plaintiff approximately the following daily salaries:

| Approximate Dates | Daily Salary | Weekly Payment | Effective Hourly Rate |
|---|---|---|---|
| Nov. 03, 2020–Dec. 31, 2020 | $45.00 | $225.00 | $8.18 |
| Jan. 01, 2021–Jun. 04, 2021 | $90.00 | $540.00 | $8.85 |
| Jun. 05, 2021–Jul. 01, 2021 | $45.00 | $225.00 | $9.00 |

25. At all relevant times, Defendants paid Plaintiff in cash.

26. Plaintiff typically and customarily worked more than forty hours per workweek for Defendants.

27. At all relevant times, Defendants paid Plaintiff the same effective hourly rate across all hours worked.

28. At all relevant times, Defendants did not pay Plaintiff overtime wages — or one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek.

29. In addition to not paying overtime wages, Defendants did not pay Plaintiff the applicable DC minimum wage.

30. The District of Columbia required that employers pay non-exempt employees at least $15.00 per hour from July 1, 2020 through July 1, 2021, and $15.20 per hour from June 30, 2021 through the present. D.C. Code § 32-1003(a).

31. Defendants owe Plaintiff approximately $14,002.50 in minimum and overtime wages (excluding liquidated damages).

32. Defendant Xibiao B. Zou participated in setting the restaurants' hours of operation.

33. Defendant Xibiao B. Zou participated in the decision to hire Plaintiff.

34. Defendant Xibiao B. Zou participated in the decisions to set Plaintiff's work schedule.

35.     Defendant Xibiao B. Zou participated in the decision to pay Plaintiff a daily salary.

36.     Defendant Xibiao B. Zou participated in the decisions to set Plaintiff's rate of pay.

37.     Defendant Xibiao B. Zou participated in supervising Plaintiff's work.

38.     At all relevant times, Defendant Xibiao B. Zou used biao2423@hotmail.com when managing operations at One Fish Two Fish.

39.     Defendant Yu Lin participated in setting the restaurants' hours of operations.

40.     Defendant Yu Lin participated in the decision to hire Plaintiff.

41.     Defendant Yu Lin participated in the decision to set Plaintiff's work schedule.

42.     Defendant Yu Lin participated in the decision to pay Plaintiff a daily salary.

43.     Defendant Yu Lin participated in the decision to set Plaintiff's rate of pay.

44.     Defendant Yu Lin participated in supervising Plaintiff's work.

45.     At all relevant times, Defendants had the power to hire and fire Plaintiff.

46.     At all relevant times, Defendants had the power to control Plaintiff's work schedule.

47.     At all relevant times, Defendants had the power to supervise and control Plaintiff's work.

48.     At all relevant times, Defendants had the power to set Plaintiff's rate and manner of pay.

49.     At all relevant times, Defendants were aware that they were legally required to pay Plaintiff one and one-half times his regular rate for all hours worked in excess of forty hours in any one workweek.

50.     At all relevant times, Defendants were aware that they were legally required to pay Plaintiff the applicable DC minimum wage.

51.     At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiff all wages legally due to him.

52. At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

53. At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

54. At all relevant times, Defendants had employees who handled food products, such as chicken, beef, fish, or vegetables, that had been raised or grown outside of the District of Columbia.

## COUNT I
## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

55. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

56. Each defendant was an "employer" of Plaintiff within the meaning of the FLSA. 29 U.S.C. § 203(d).

57. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

58. Defendants violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times his regular hourly rate for hours worked in excess of forty hours in any one workweek.

59. Defendants' violations of the FLSA were willful.

60. For Defendants' violations of the FLSA, Defendants are liable to Plaintiff for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT II
## FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE DCMWA

61. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

62. Each defendant was an "employer" of Plaintiff within the meaning of the DCMWA. D.C. Code § 32-1002(3).

63. The DCMWA required that employers pay non-exempt employees at least $15.00 per hour from July 1, 2020 through July 1, 2021, and $15.20 per hour from June 30, 2021 through the present. D.C. Code § 32-1003(a).

64. The DCMWA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. D.C. Code § 32-1003(c).

65. Defendants violated the DCMWA by knowingly failing to pay the required minimum wage to Plaintiff.

66. Defendants violated the DCMWA by knowingly failing to pay Plaintiff at least one and one-half times his regular hourly rate for hours worked in excess of forty hours in any one workweek.

67. Defendants' violations of the DCMWA were willful.

68. For Defendants' violations of the DCMWA, Defendants are liable to Plaintiff for unpaid minimum and overtime wages, an amount equal to three times the unpaid minimum and overtime wages as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT III
## FAILURE TO PAY WAGES UNDER THE DCWPCL

69. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

70. Each defendant was an "employer" of Plaintiff within the meaning of the DCWPCL. D.C. Code § 32-1301(1B).

71. The DCWPCL requires employers to pay an employee who is discharged no later than the working day following the discharge. D.C. Code § 32-1303(1).

72. The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

73. For purposes of the DCWPCL, "wages" include, among other things, regular, minimum, and overtime wages. D.C Code § 32-1301(3).

74. Defendants violated the DCWPCL by knowingly failing to timely pay Plaintiff all wages due, including minimum and overtime wages.

75. Defendants' violations of the DCWPCL were willful.

76. For Defendants' violations of the DCWPCL, Defendants are liable to Plaintiff for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court. *See Sivaraman v. Guizzetti & Assocs.*, 228 A.3d 1066, 1072 (D.C. 2020) ("[T]reble damages are mandatory, not discretionary, if requested."); *Martinez v. Asian 328, LLC*, 220 F. Supp. 3d 117, 123 (D.D.C. 2016) ("[T]he liquidated-damages provision of the DCWPCL awards treble damages as liquidated damages *in addition to* the actual damages in the form of unpaid wages.").

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of **$59,782.20**, and grant the following relief:

a. Award Plaintiff $56,010.00, consisting of the following overlapping elements:

      i. unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

      ii. unpaid D.C. minimum and overtime wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCMWA, D.C. Code § 32-1012;

      iii. unpaid wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

b. Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

c. Award Plaintiff attorney's fees and expenses computed pursuant to the matrix approved in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000), and updated to account for the current market hourly rates for attorney's services, pursuant to the DCWPCL, D.C. Code § 32-1308(b)(1) (as of this date, approximately $3,370.20);

d. Award Plaintiff court costs (currently, $402.00); and

e. Award any additional relief the Court deems just.

August 6, 2021                        Respectfully submitted,

                                           **DCWageLaw**

                                           By: /s/ Justin Zelikovitz
                                           JUSTIN ZELIKOVITZ, #986001
                                           519 H Street NW
                                           Washington, DC 20001
                                           Phone: (202) 803-6083
                                           Fax: (202) 683-6102
                                           justin@dcwagelaw.com

                                           *Counsel for Plaintiff*