IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEOPOLDO SANCHEZ<br><br>    Plaintiff,<br><br>v.<br><br>YU LIN CORPORATION, et al.<br><br>    Defendants. | Case No. 1:21-cv-02119-TSC |

**MOTION TO EXTEND TIME FOR SERVICE, TO ALLOW FOR ALTERNATIVE SERVICE, AND FOR LEAVE TO FILE AMENDED COMPLAINT**

Plaintiff moves for (1) an additional ninety days to serve Defendants, (2) leave to effect service on Defendants by alternative means, and (3) leave to file an amended complaint. He states the following in support:

1. On August 8, 2021, Plaintiff Leopoldo Sanchez sued his former employers for unpaid minimum and overtime wages.

2. On August 9, 2021, the Court issued summonses for Defendants: Yu Lin Corporation, Xibiao B. Zou, and Yu Lin. Undersigned counsel's office immediately tasked its process server with serving the Defendants.

3. Defendants Zou and Lin reside at 2015 Leonard Road, Falls Church, VA 22043. *See* Ex. A. Defendant Yu Lin Corporation's resident agent is Defendant Yu Lin. *See* Ex. B at 1. Defendants own and operate he restaurant One Fish Two Fish, located at 2423 Pennsylvania Avenue, Washington, DC 20037. *See Id.*, at 5; *see also* Exs. D, E.

4. Plaintiff has made fifteen different attempts to serve Defendants at both their residence and place of business. *See* Ex. C (affidavits of attempted service). Plaintiff has even paid its process

server to stake out Defendants' residence. *See* Ex. C, at 5–8.

5.      The Defendants have intentionally evaded Plaintiff's service attempts. For example, on October 14, 2021, Defendants refused to open their car window and receive service, even after being shown the Court's documents. *Id*. And on October 23, 2021, Defendants refused to exit the kitchen of One Fish Two Fish after realizing the process server was in the restaurant. *See Id.*, at 9–10. Despite being physically encountered by the process server, Defendants have refused to accept service.

## Extension of the Summons

6.      Plaintiff requests a ninety-day extension of his deadline to serve the Defendants. The current summons expires on November 6, 2021. *See* Fed. R. Civ. P. 4(m) (unless extended by the court, a summons expires ninety days after the complaint is filed.). The Court "must extend the time for service" if the Plaintiff shows good cause. *Id*. In the D.C. Circuit, good cause exists to extend the summons "'"when some outside factor . . . rather than inadvertence or negligence, prevented service."'" *Mann v. Castiel*, 681 F.3d 368, 374 (D.C. Cir. 2012) (quoting *Lepone-Dempsey v. Carroll Cnty. Com'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007)). Plaintiff's multiple attempts to serve Defendants demonstrate diligent efforts to effect service. Plaintiff would have served Defendants but for Defendants' intentional evasion of service. Such evasion is an "outside factor" that prevented service and warrants an extension. *Id*. Therefore, the Court should grant Plaintiff's request to extend by ninety days the deadline to serve the summons.

## Request for Alternative Service

7.      Plaintiff requests that the Court allow him to serve Defendants via USPS priority mail, with tracking. The Rules require Plaintiff to serve Defendants "pursuant to the law of the state in which the district court is located, or in which service is effected." Fed. R. C. P. 4(e)(1). The

D.C. Rules of Civil Procedure state that "[i]f the court determines that, after diligent effort, a party has been unable to accomplish service… the court may permit an alternative method of service that the court determines is reasonably calculated to give actual notice of the action to the party to be served." Super. Ct. Civ. R. 4(e)(3)(A). Plaintiff has made diligent efforts to serve Defendants and Defendants have intentionally evaded service. Therefore, Plaintiff requests permission to serve Defendants via USPS Priority mail. To ensure that Defendants receive actual notice, Plaintiff would serve each of the three Defendants at their residence, 2015 Leonard Road, Falls Church, VA 22043, and their place of business, 2423 Pennsylvania Avenue, Washington, DC 20037. To confirm that each complaint package was delivered, the Plaintiff would attach to each affidavit of service confirmation of delivery provided by the United States Postal Service. Service via USPS Priority mail with tracking is reasonably calculated to give actual notice to Defendants (to the extent they are not already on notice). And service by these means will allow for confirmation by a third party (USPS tracking) that the notice was delivered.

**Leave to Amend**

8.      Finally, Plaintiff requests leave to amend his complaint and to add a former coworker, Mr. Reyes Ivan Guzman Diaz, as a co-Plaintiff. Plaintiff may amend his pleading "once as a matter of course" within 21 days of service; or otherwise "only with the opposing party's written consent or the court's leave," which the court "should freely give . . . when justice so requires." F. R. C. P. 15(a). Leave to amend a complaint should be freely granted. *See Hall v. C.I.A.*, 437 F.3d 94, 101 (D.C. Cir. 2006) ("[M]otions for supplemental pleadings . . . are to be 'freely granted when doing so will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any of the other parties to the action.'") (quoting Wright & Miller, Federal

Practice and Procedure § 1504). Mr. Guzman Diaz seeks to bring the same claims for unpaid wages against the same Defendants. *See* Exs. F (Proposed Am. Compl.); G (Redline). To permit Plaintiff Sanchez to amend his complaint would avoid duplicate litigation and conserve judicial resources. Therefore, Plaintiff requests that the Court grant leave to amend the complaint and to file his proposed amended complaint.

WHEREFORE, Plaintiff respectfully requests that the Court extend the deadline to serve Defendants by ninety days, permit Plaintiff to serve Defendants via priority mail; and to grant Plaintiff leave to amend his complaint.

November 8, 2021                                    Respectfully submitted,

**DCWAGELAW**

By: /s/ Justin Zelikovitz
JUSTIN ZELIKOVITZ, #986001
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that, on November 8, 2021, my office sent via First Class Mail a copy of the foregoing motion to the following:

☒ U.S. Mail
☐ Email
☐ Hand Delivery
☐ ECF

Yu Lin Corporation
d/b/a 1 Fish 2 Fish
2423 Pennsylvania Avenue
Washington, DC 20037

☒ U.S. Mail
☐ Email
☐ Hand Delivery
☐ ECF

Xibiao B. Zou
2015 Leonard Road
Falls Church, VA 22043

☒ U.S. Mail
☐ Email
☐ Hand Delivery
☐ ECF

Yu Lin
2015 Leonard Road
Falls Church, VA 22043

/s/Cesar Coello
César Coello